| | |
|---|---|
| FINANCE SOURCE, LLC, ) <br> d/b/a KARMIKE USA, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH KESLAR, ) <br>     Defendant. ) <br> ) | CASE NO: 4:18-cv-00109 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND MOTION TO VACATE ARBITRATION AWARD

COMES NOW, Plaintiff, Finance Source, LLC, d/b/a Karmike USA ("Finance Source") and files this Complaint against Defendant, Joseph Troy Keslar ("Keslar") and states as follows:

### PRELIMINARY STATEMENTS

1. Finance Source and Keslar entered into an agreement for the purchase of an automobile on April 22, 2016 (the "contract") (contract attached hereto as Exhibit A.) This contract involved the purchase of a 2007 Suzuki Forenza sold from Finance Source to Keslar. Contained within the contract was an arbitration provision (see Exhibit A). After the purchase of the automobile, a dispute arose between the Plaintiff and Defendant and Keslar demanded binding arbitration. The final award for the arbitrator was issued on March 26, 2018.

2. Finance Source files this Complaint to simultaneously:

a) Seek declaratory judgment that the arbitration award be vacated.

b) That the arbitration award be vacated in all respects and a judgment entered ordering this matter be arbitrated under a different arbitrator and different arbitration organization.

c) In the alternative that this Court alter the award to make it consistent with North Carolina law and other legal standards that were violated by the arbitration award.

## PARTIES

3. Plaintiff Finance Source, LLC is a North Carolina limited liability company with its principal place of business address of Finance Source is 2946 Highway 21, Newport, North Carolina 28570.

4. Defendant, Joseph Troy Keslar is a natural born person who is a resident of New Bern, Craven County, North Carolina.

## JURISDICTION AND VENUE

5. This Court has Federal question and jurisdiction over this action under 28 USC § 1331 and 47 USC § 227. Further, the Court has jurisdiction as the arbitration agreement in this case contains provisions that all actions pertaining to the contract be filed at Federal Court (see Exhibit A). Venue in this judicial district is proper under 28 USC § 1391(b)(1) as this is the judicial district in which the respondent and claimant reside. Further, a substantial part of the events or omissions giving rise to these claims occurred in this venue.

6. This case is brought within three months of the issuance of the final award from the Arbitrator, pursuant to 9 USC. § 12.

## GENERAL ALLEGATIONS

7. Keslar came to Finance Source's dealership in Newport, North Carolina to purchase a vehicle on or about April 22, 2016.

8. Mr. Keslar was interested in a 2007 Suzuki and began negotiations with Finance Source for the purchase of the Suzuki. Keslar was not particularly interested in the overall price

of the vehicle but only the amount of his monthly payment. Through the negotiating process, a cash price of the vehicle of $8,143.51 was agreed upon. (See Exhibit A).

9. Months later, in November of 2016, counsel for the Plaintiff obtained a print out whereby it showed that the vehicle had been advertised by a third party vendor on the internet for a $5,995.00 price.

10. Finance Source denies ever authorizing this price to be advertised on the internet.

11. After hiring counsel, Keslar became dissatisfied with his purchase and began the process of pursuing a cause of action against Finance Source for alleged violations of the Truth in Lending Act, Breach of Good Faith and Fair Dealing, Fraud and Punitive Damages and Unfair and Deceptive Trade Practices. Keslar demanded arbitration pursuant to the terms of the arbitration agreement executed commensurate with the sale. (See Exhibit A). The arbitration provides that the arbitrator shall "apply governing substantive law and the applicable statute of limitations." The Arbitration Agreement states that there is a right to appeal under the Federal Arbitration Act contained in the arbitration provision.

## THE ARBITRATION PROCESS

12. This matter was instituted via an Arbitration Demand filed by Keslar on February 1, 2017. (See Exhibit B). Finance Source filed a response to the arbitration demand on the 22nd of June, 2017 (see Exhibit C). The parties engaged in discovery as ordered by the arbitrator. On September 1, 2017, the arbitrator informed the parties prior to the arbitration that discovery was complete and no further discovery would take place. Further, the arbitrator informed the parties that the arbitration would take place on September 7, 2017 and would not be continued.

13. Despite this assertion, the arbitration did not conclude on September 7, 2017. After the scheduled arbitration had taken place in New Bern, N.C., further discovery was ordered by the arbitrator and a second day of hearing took place on November 29, 2017.

14. After the hearing, the arbitrator required that the parties file written briefs instead of a closing arguments. Mr. Keslar filed claimant's post arbitration brief on December 11, 2017.

15. Finance Source submitted its post arbitration memorandum on December 22, 2017 (see Exhibit D). Keslar, without permission from the arbitrator, filed a reply to respondent's post arbitration brief on December 23, 2017 (see Exhibit E).

16. On February 28, 2018 the arbitrator entered an "Interim Award" that was drafted as a final ruling in this matter but held open only the issue of attorney's fees to determine at a later date (see Exhibit F). In the Interim Award, the arbitrator found that Finance Source raised the price of the vehicle because Keslar sought financing without citing any supporting facts.

17. Further, the Interim Award ruled as a matter of law that Finance Source committed violations of the Truth in Lending Act, the North Carolina Deceptive Trade Practices Act and the Plaintiff had requested treble damages and punitive damages. The arbitrator awarded Keslar $2,000 for the Truth in Lending Act claim, $16,066.51 for the Deceptive Trade Practices claim and $55,000 in punitive damages (see Exhibit F). The award of punitive damages, after it is determined as a matter of law that the Defendant committed an Unfair and Deceptive Trade Practice, is contrary to North Carolina law. The case that stands for this proposition was cited in the Interim Award see *Pinehurst, Inc. v. O'Leary Brothers Realty* 79 N.C. App. 51, (1986).

18. Despite citing this case in the Interim Award, the arbitrator either chose to ignore North Carolina law on this subject or failed to read the Court of Appeals opinion.

19. Pursuant to the JAMS Rules for Arbitration, Finance Source prepared a request for correction of partial final award and filed it with JAMS on February 15, 2018. (See Exhibit E). In response, the JAMS stated that the arbitrator would not consider the respondent's Motion until Finance Source paid additional fees to the arbitrator. (See Exhibit F).

20. Keslar then filed a memorandum of law in opposition to respondent's request for correction with JAMS on February 16, 2018. (See Exhibit G). On March 11, 2018 Finance Source sent reply objections to the Plaintiff's attorney's fees Affidavit. (See Exhibit H).

21. On or about March 26, 2018, after forcing Finance Source to pay additional fees, the arbitrator issued an Order on respondent's Rule 19 Motion and its "final award". (See Exhibit I).

22. Despite claiming to "deny" Finance Source's request to correct, the arbitrator modified the Order and removed the treble damages award and entered the punitive damages award after allowing the Plaintiff to "opt" between punitive damages and treble damages after an Unfair and Deceptive Trade Practices finding was made as a matter of law.

23. The arbitrator in this matter, for a two day hearing and reading the various pleadings of the parties' briefs, charged $23,523.29 in arbitration fees to Finance Source in this matter. (See Exhibit J).

## COUNT ONE

## (DECLARATORY JUDGMENT AND MOTION TO VACATE ARBITRATION AWARD)

24. The actions of the arbitrator in this matter constitute clear errors in violation of North Carolina law and other substantive law which constitutes grounds for vacating the award. The errors are as follows:

a) The award of punitive damages after it had been found as a matter of law that Finance Source's actions constitute a violation of the North Carolina Unfair and Deceptive Trade Practices Act is contrary to North Carolina law, specifically the case of *Pinehurst, Inc. v. O'Leary Brothers Realty* 79 N.C. App. 51, (1986). Not only was this case cited by the arbitrator, which he either ignored or did not read. When this issue was pointed out to the arbitrator, the arbitrator failed to follow North Carolina law and modified the award to impose punitive damages instead of treble damages in direct contradiction of North Carolina law.

b) The issue of attorney's fees was decided without facts sufficient to find for attorney's fees specifically, the arbitrator found in the interim award that Finance Source had refused to resolve the claim before the arbitrator had requested any information relating to settlement negotiations prior to or after filing the request for arbitration. To make a decision without information is improper.

c) It was error to find for Keslar when the arbitrator did not find at any time that the price increase was directly related to financing and there is insufficient evidence on this fact for such a finding as Keslar's only concern was the payment not the overall price.

d) The arbitrator's exorbitant fees were excessive. Further, the record reveals that the case law cited by the arbitrator within the arbitrator's awards was not read by the arbitrator.

25. The actions of the arbitrator in this case, as outlined above, constitute a manifest disregard for the law, an error of law, an award procured by undue means, and a failure to follow North Carolina Law. Further, this amounts to misbehavior on the part of the arbitrator that prejudiced the Defendant and the arbitrator exceeded his powers by going beyond North Carolina and Federal law as required under the arbitration agreement. For these reasons, Finance Source requests that the arbitration award be vacated in full.

# COUNT TWO

## ORDER FOR NEW ARBITRATION AND APPOINTMENT OF A DIFFERENT ARBITRATOR

26. The numerous failures of the arbitrator to follow substantive North Carolina law as well as other relevant legal standards in the arbitration award, as well as the exorbitant fees charged, create a situation where it is not practical in any way for the arbitrator to continue to hear any issues in this matter.

27. For that reason, Finance Source requests that, after the arbitration award is vacated that this matter be ordered to arbitration with a different arbitrator and different arbitration company so that justice can be obtained for all parties in this case and this matter be arbitrated pursuant to the relevant legal standards which have been ignored in the arbitration thus far. For the above reasons, Finance Source requests that a new arbitrator and a new arbitration company be appointed to rehear the arbitration of this matter.

WHEREFORE, Finance Source prays:

1. That judgment be entered vacating the arbitration award and this Court declare the arbitration award vacated;
2. Alternatively, that this matter be ordered into arbitration with a new arbitrator and arbitration company to be selected by the parties; and
3. Alternatively, that an Order be entered by the Court modifying the arbitration award if only partial relief is given to have the arbitration award comply with North Carolina law.

Respectfully submitted this the 20th day of June, 2018.

                  **ENNIS BAYNARD MORTON**
                  **MEDLIN & BROWN, P.A.**

By:   /s/Ron D. Medlin, Jr.
       RON D. MEDLIN, JR.
       *Counsel for Plaintiff*
       NC State Bar No. 31682
       P.O. Drawer 1327
       Wrightsville Beach, NC 28480
       Phone: (910) 256-3992


                  **STRICKLIN LAW FIRM, P.A.**

By:   /s/Bobby J. Stricklin
       BOBBY J. STRICKLIN
       *Counsel for Plaintiff*
       NC State Bar No. 14326
       448 Highway 70 West
       Havelock, North Carolina 28532
       Phone: 252-447-1064